CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 25 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES BRANDON PARKS, ) | |
|     Petitioner, ) | Civil Action No. 7:10-cv-00110 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SWVRJ SUPERINTENDENT, et al., ) | By: Samuel G. Wilson |
|     Respondents. ) | United States District Judge |

This matter is before the court on Charles Brandon Parks' petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. It appears Parks is attempting to challenge several convictions in the Smyth County Circuit Court between 1998 and 2008. It also appears that there are charges pending against Parks in the Smyth County Circuit Court. For the reasons stated herein, the court denies each of Parks' requests for relief and, therefore, dismisses his petition without prejudice.[1]

## I.

In 1998, the Smyth County Circuit Court convicted Parks of two counts of selling marijuana and sentenced him to 12 months incarceration as to each charge, with 11 months suspended on each, to be followed by 2 years of probation as to each charge. In 2002 and 2004, the court revoked Parks' term of probation. In 2005, the court convicted Parks of obstructing justice and sentenced him to 12 months incarceration, with the entire term suspended, to be followed by 3 years probation. In 2006, the court convicted Parks of possessing marijuana while an inmate and sentenced him to 24 months, with the entire term suspended, to be followed by 3 years of probation. In 2008, the court revoked Parks' term of probation again. Parks is not currently incarcerated; however, it appears that

---

[1] Moreover, it appears his petition is also untimely filed and unexhausted.

he is still under a term of probation and thus, is "in custody" for purposes of § 2254.[2]

Parks filed this habeas petition on March 4, 2010 alleging several claims[3] and asking that the court: 1) pardon him for all crimes, 2) stop him from being prosecuted on an existing capias, and 3) compensate him for "unconstitutional imprisonment" and "mental and physical abuse." Without reaching the merits of each of Parks' claims under § 2254, the court denies each of his requests for relief and, therefore, dismisses his petition without prejudice.

## II.

Parks asks the court to pardon him for all his crimes. However, Virginia's constitution empowers the governor with complete discretion "to grant reprieves and pardon after conviction."[4] Va. Const. art. V, § 12; Va. Code § 53.1-229. Accordingly, the court find that it does not have authority to pardon Parks for his state crimes and, therefore, denies his request.

## III.

Parks asks the court to stop the state court from prosecuting him. However, a federal district court will not interfere in ongoing state court proceedings, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 44 (1971). The court finds that Parks has not alleged any

---

[2] According to state court records found online, Parks has charges pending against him for a probation violation. Moreover, Parks' request for relief indicates that there is a pending capias against him.

[3] Parks claims that he was unlawfully convicted and sentenced on probation violations in 2002, 2003, and 2008; that at a hearing in 2002, he was "not allowed to enter [a] plea or speak," was denied his right to counsel, and his probation officer was not present; that he was subjected to cruel and unusual punishment by two guards on October 8, 2003; that his rights to bear arms and vote were "infringed" when he was convicted of possessing marijuana as an inmate; that his 2005 guilty plea for obstructing justice was not voluntary; and that an illegal capias has recently been issued against him.

[4] The United States Constitution, under Article II, Section 2, empowers the President with the "power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment." However, a presidential pardon would not be appropriate in Parks' case because he has been convicted of crimes against the Commonwealth of Virginia, not against the United States.

extraordinary circumstances that would warrant the court's interference with ongoing state court proceedings, and thus, denies his claim for relief. Moreover, to the extent this claim seeks to challenge the validity of the ongoing prosecution, it is clear that Parks has not exhausted this claim inasmuch as he has not even been tried.

## IV.

Parks also seeks damages for his "unconstitutional imprisonment" and for having suffered "mental and physical abuse" in 2003. However, a claim for damages must be pursued in a civil rights action pursuant to 42 U.S.C. § 1983. Therefore, the court denies Parks' requests for damages under § 2254. Further, it is clear from the face of Parks' pleading, that his claims are not currently actionable under § 1983, and therefore, the court declines to construe his requests a civil rights action.

To the extent Parks seeks damages for unconstitutional confinement, the court finds that he has not demonstrated that his convictions or sentences have been invalidated and, thus, his claims fail under § 1983. A claim for damages, based on alleged wrongful confinement that would necessarily imply the invalidity of a conviction must be dismissed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). As Parks has not demonstrated that his conviction or sentence has already been invalidated, he cannot seek damages for this claim under § 1983 at this time.

To the extent Parks seeks damages for having suffered "mental and physical abuse" in 2003, his claim under § 1983 is now untimely. For purposes of the statute of limitations, § 1983 actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. Lewellen v. Morley, 875 F.2d 118,

120 (7th Cir.1989); see also Hardin v. Straub, 490 U.S. 536, 539 (1989); Wilson v. Garcia, 471 U.S. 261, 279 (1985); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983). Parks' claim of alleged abuse in violation of the Constitution took place in Virginia and, therefore, Virginia law concerning statute of limitations governs this case. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code § 8.01-243(A); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. See Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996); United States v. Kubrick, 444 U.S. 111, 122-24 (1979). In this case, Parks' § 1983 claim accrued in October 2003 when the alleged constitutional violation took place. Parks filed this action on March 4, 2010, more than six years after the alleged cause of action accrued. Parks does not allege and the court finds no grounds for tolling the statute of limitations. See Va. Code § 8.01-229. Accordingly, the court finds that Parks' claim is barred by the statute of limitations.

V.

For the reasons stated herein, the court dismisses Parks' § 2254 habeas petition without prejudice.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 25th day of March, 2010.

United States District Judge